Ahren A. Tiller Esq. [SBN: 250608]
Bankruptcy Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026

Attorneys for Plaintiff
IRENE WILLIAMS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE WILLIAMS,<br><br>             Plaintiff,<br><br>      vs.<br><br>COMENITY BANK, COMENITY, LLC and DOES 1-10, inclusive<br><br><br>             Defendant(s), | Case No.:    **'17CV2113 BTM BGS**<br><br>COMPLAINT FOR DAMAGES FOR VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32); AND VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

## <u>INTRODUCTION</u>

1. IRENE WILLIAMS (hereinafter referred to as "Plaintiff"), by and through her Counsel of record, brings this action against Comenity Bank (hereinafter "COMENITY BANK" or "Defendant Comenity Bank"), Comenity, LLC ("Defendant Comenity, LLC), and DOES 1-10, inclusive, (hereinafter referred to

collectively as "Defendants") pertaining to actions by Defendants to unlawfully collect a debt allegedly owed by Plaintiff through the use of an Automated Telephone Dialing System in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" (CAL. CIV. CODE §§ 1788-1788.32), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2.  The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system.  The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others.  The legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection Practices Act of California (hereinafter "RFDCPA") was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3.  In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227[2] (hereinafter "TCPA"), in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.  Congress intended the TCPA to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

---

[1] CA Civil Code §§ 1788.1(a)-(b)
[2] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 et seq.

5.  The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[3]

6.  According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[4]

7.  On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]  The TCPA permits consumers to revoke their prior express consent to be contacted by telephone autodialing systems.[6]

---

[3] 47 U.S.C. § 227(b)(1)(A)(iii).
[4] Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[5] In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[6] *Van Patten v. Vertical Fitness Grp., Ltd. Liab. Co.*, 847 F.3d 1037, 1048 (9th Cir. 2017)

8.  As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

> *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

9.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## **JURISDICTION AND VENUE**

10. This action is based on Defendants' violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section § 227, et. seq.

11. This Court has jurisdiction over each defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA, a federal statute.

12. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.  Furthermore, Defendants regularly conduct business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

## **PARTIES**

13. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California. She is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153(39).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

15. Defendant Comenity Bank is a wholly-owned subsidiary of Defendant Comenity, LLC.  Defendants' primary business is as a bank that specializes in retail-store branded consumer credit accounts.

16. Defendant Comenity, LLC is a creditor that maintains its principal place of business at 3100 Easton Square Place, Columbus Ohio 43219, and is a limited liability company registered in Delaware under file number 4900810, and is a "person" as defined by 47 U.S.C. § 153(39).

17. Defendant Comenity Bank is a creditor and subsidiary of Comenity, LLC and maintains it principal place of business in Columbus, Ohio and is registered in Delaware under file number 5018465, and is a "person" as defined by 47 U.S.C. § 153(39).

18. Defendant COMENITY BANK regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

19. Defendant COMENITY BANK regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to them, as that term is defined by Cal. Civ. Code §1788.2(f).  For example, Defendants staff a collection department of employees who specifically work to collect on delinquent debts owed to Defendants.  Similarly, when individuals owe

Defendants money for regular monthly payments on consumer loans and credit cards, defaulted debts, and other similar obligations, Defendants collect on those consumer debts owed to them through the mail, electronic communication, and telephone.  Therefore, Defendants are "debt collectors" as that term is defined by Cal. Civ. Code §1788.2(c), and engage in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

21. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  This action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

22. Plaintiff incorporates by reference and realleges Paragraphs 1-21 above as if fully stated herein.

23. Plaintiff previously held a credit Lane Bryant charge account with COMENITY BANK.  Plaintiff made payments toward the credit account, but eventually fell on financial hardship and was unable to maintain the regular monthly payments.

24. Upon going into default, agents for COMENITY BANK called Plaintiff multiple times and requested payment through the use of an ATDS.  The calls were incessant and were usually scheduled by the computer program to call Plaintiff every morning around 8:00am, then again around 12:00pm, and then 1:00pm, and then again in the evening between 6:00 - 7:00pm every single day.

25. Plaintiff sought out and retained Bankruptcy Law Center, APC to represent her with regards to the debt that COMENITY BANK was collecting on.

26. On August 14, 2017, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendants ("Cease and Desist Letter").

27. In the Cease and Desist Letter, Plaintiff's Counsel provided Plaintiff's name, the last four digits of her social security number.  In the Letter, Plaintiff's Counsel explained that all further communication must cease and that any future communication be exclusively sent to Plaintiff's Counsel.  This letter revoked consent to contact Plaintiff by any fashion, which includes calling her with the use of an ATDS. A true and correct copy of the Cease and Desist Letter is below:

August 14, 2017

SENT VIA FACSIMILE TO:

Comenity Bank (614) 729-3117.

Re: Irene Williams (x6138)

TO WHOM IT MAY CONCERN:

Please be advised that Mrs. Irene Williams has retained Bankruptcy Law Center, APC to represent her with respect to any debt(s) with Comenity Bank, and creditor communications.

Demand is now made pursuant to Cal. Civ. Code §§ 1788.14 and 1788.17 via 15 U.S.C. § 1692 that you cease and desist any and all future communications on any and all accounts associated with Mrs. Williams. This letter constitutes written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Irene Williams is represented by Bankruptcy Law Center, APC with respect to any debt allegedly owed to Comenity Bank and request is hereby made that all communications regarding this alleged consumer debt shall be directed exclusively to Bankruptcy Law Center, APC subsequent to 08/14/2017. In the event you are unfamiliar with Cal. Civ. Code §§ 1788.14(c), the relevant text of Cal. Civ. Code §§ 1788.14(c)is below:

1788.14. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney

1

fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

Be advised that you are additionally prohibited from any contact, directly or indirectly, with any employer, family member, friend, neighbor, or other creditor of our client.

Since you have now been formally noticed as required by law, any future communications in any form with our client, without express written consent will constitute willful violations of either the FDCPA and/or the RFDCPA and may subject Comenity Bank to actual damages, statutory penalties, attorney fees, and costs.

Please feel free to direct any questions or concerns to the undersigned.

Ahren A. Tiller
Attorney At Law
Consumer Bankruptcy Law Specialist
American Board of Certification

28. Plaintiff's Counsel sent the Cease and Desist Letter to COMENITY BANK via facsimile at: (614) 729-3117.

29. The phone number: (614) 729-3117 is a facsimile number owned, operated or accessible by COMENITY BANK.

30. COMENITY BANK received the Cease and Desist Letter via facsimile on August 14, 2017, at 3:26 pm.  A true and correct copy of the fax confirmation is below:



31. After COMENITY BANK received the Cease and Desist Letter, whereby they were informed by her Counsel to cease calling her, COMENITY BANK or its agents, or representatives, yet after receiving said letter, Defendants continued to make multiple collection calls using an Automated Dialing System from COMENITY BANK's multiple telephone numbers that shows up on a recipient's caller ID as: 614-212-7559; 614-729-9024; 720-456-3696; 913-312-9502; 913-312-9490; 913-312-3280; 614-212-7561; 855-437-5016; 720-728-3214; and Restricted Called ID respectively.

32. Plaintiff has received so many calls from Defendants with some COMENITY, or its agents or representatives, contacted Plaintiff by phone on at least the following occasions from the following numbers through the use of an ATDS:

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| 720-456-3696 | 8/15/2017 | 8:05 am |
| Restricted Caller ID | 8/15/2017 | 9:04 am |
| 614-212-7559 | 8/15/2017 | 11:38 am |

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| Restricted Caller ID | 8/15/2017 | 2:24 pm |
| 614-212-7559 | 8/15/2017 | 3:49 pm |
| 720-456-3696 | 8/15/2017 | 5:33 pm |
| 720-456-3696 | 8/15/2017 | 6:56 pm |
| Restricted Caller ID | 8/15/2017 | 7:57 pm |
| 614-212-7559 | 8/16/2017 | 11:58 am |
| 614-212-7559 | 8/16/2017 | 3:59 pm |
| 614-212-7559 | 8/16/2017 | 6:50 pm |
| 913-312-9502 | 8/17/2017 | 8:16 am |
| 614-729-9024 | 8/17/2017 | 10:43 am |
| 913-312-9502 | 8/17/2017 | 1:24 pm |
| 614-729-9024 | 8/17/2017 | 5:01 pm |
| 913-312-9502 | 8/17/2017 | 6:03 pm |
| 913-312-9502 | 8/17/2017 | 6:45 pm |
| 614-212-7559 | 8/16/2017 | 6:50 pm |
| 913-312-9502 | 8/18/2017 | 9:09 am |
| Restricted Caller ID | 8/18/2017 | 12:15 pm |
| Restricted Caller ID | 8/18/2017 | 12:41 pm |
| 913-312-9502 | 8/18/2017 | 1:14 pm |
| Restricted Caller ID | 8/18/2017 | 3:24 pm |
| Restricted Caller ID | 8/18/2017 | 4:18 am |
| 614-729-9024 | 8/19/2017 | 5:01 pm |
| 913-312-9502 | 8/19/2017 | 6:03 pm |
| 913-312-9502 | 8/19/2017 | 6:45 pm |
| 913-312-9502 | 8/20/2017 | 9:47 am |
| 614-729-9024 | 8/20/2017 | 11:50 am |

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| 614-729-9024 | 8/20/2017 | 6:50 pm |
| 913-312-9502 | 8/21/2017 | 8:36 am |
| 614-729-9024 | 8/21/2017 | 10:33 am |
| 913-312-9502 | 8/21/2017 | 1:14 pm |
| 614-729-9024 | 8/21/2017 | 5:201 pm |
| 913-312-9502 | 8/21/2017 | 6:13 pm |
| 913-312-9502 | 8/21/2017 | 6:55 pm |
| 614-212-7559 | 8/22/2017 | 11:58 am |
| 614-212-7559 | 8/22/2017 | 3:59 pm |
| 614-212-7559 | 8/22/2017 | 6:50 pm |
| Restricted Caller ID | 8/25/2017 | 8:49 am |
| Restricted Caller ID | 8/25/2017 | 10:39 am |
| Restricted Caller ID | 8/25/2017 | 1:02 pm |
| 614-729-9024 | 8/26/2017 | 8:34 am |
| Restricted Caller ID | 8/26/2017 | 9:12 am |
| Restricted Caller ID | 8/26/2017 | 2:15 pm |
| Restricted Caller ID | 8/27/2017 | 1:18 pm |
| Restricted Caller ID | 8/30/2017 | 9:12 am |
| Restricted Caller ID | 8/30/2017 | 2:15 pm |
| 614-729-9024 | 8/30/2017 | 6:52 pm |
| Restricted Caller ID | 8/31/2017 | 1:18 pm |
| 720-728-3214 | 9/03/2017 | 8:47 am |
| 614-754-4132 | 9/03/2017 | 9:28 am |
| 614-754-4132 | 9/03/2017 | 10:07 am |
| Restricted Caller ID | 9/04/2017 | 8:47 am |
| Restricted Caller ID | 9/08/2017 | 8:05 am |

| Telephone ID Number | Call Date | Call Time |
|---|---|---|
| Restricted Caller ID | 9/08/2017 | 9:06 am |
| 720-728-3214 | 9/15/2017 | 6:26 pm |
| 855-437-5016 | 9/19/2017 | 8:19 am |
| 614-729-9024 | 9/19/2017 | 5:01 pm |
| 913-312-9502 | 9/19/2017 | 6:03 pm |
| 913-312-9502 | 9/19/2017 | 6:45 pm |
| 913-312-9502 | 9/20/2017 | 9:47 am |
| 614-729-9024 | 9/20/2017 | 11:50 am |
| 614-729-9024 | 9/21/2017 | 10:33 am |
| 913-312-9502 | 9/21/2017 | 1:14 pm |
| 614-729-9024 | 9/21/2017 | 5:201 pm |
| 913-312-9502 | 9/21/2017 | 6:13 pm |
| 913-312-9502 | 9/21/2017 | 6:55 pm |
| 614-212-7559 | 9/22/2017 | 11:58 am |
| 614-212-7559 | 9/22/2017 | 3:59 pm |
| 614-212-7559 | 9/22/2017 | 6:50 pm |
| Restricted Caller ID | 9/23/2017 | 11:58 am |
| Restricted Caller ID | 9/23/2017 | 3:59 pm |
| Restricted Caller ID | 9/24/2017 | 6:50 pm |
| 913-312-9490 | 9/26/2017 | 8:14 am |
| 614-212-7561 | 10/02/2017 | 8:26 am |
| 855-437-5016 | 10/05/2017 | 8:35 am |
| 913-312-3280 | 10/09/2017 | 10:40 am |

33. The specific calls listed above are merely a sample of the total calls made by COMENITY BANK to Plaintiff after receipt of the Cease and Desist Letter sent

via facsimile by Plaintiff's Counsel on August 14, 2017.   The list of calls above are merely the calls whereby the Plaintiff kept a record of and/or answered the call and/or received a voicemail as many of the calls' caller ID was restricted. COMENITY BANK initiated the above referenced collection telephone calls to Plaintiff's cellular phone using an ATDS as defined by 47 U.S.C. §227(a)(1), with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

34. After receipt of the Cease and Desist Letter, representatives of COMENITY BANK have called Plaintiff in excess of seventy-three (73) times in total from various numbers appearing on her caller ID as: 614-212-7559; 614-729-9024; 720-456-3696; 913-312-9502; 913-312-9490; 913-312-3280; 614-212-7561; 855-437-5016; 720-728-3214; and Restricted Called ID respectively.

35. These collection calls were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).  As is evidenced by the call times and dates listed above in paragraph 32 of this Complaint, the ATDS computer software automatically called the Plaintiff at certain times from random numbers, usually calling once in the morning around 8:00am, once per day around 12:00pm or 1:00pm, and another call around 6:00pm or 7:00pm in the evening, with varying call times and numbers.

36. On August 27, 2017, at approximately 1:18pm, after the Defendant COMENITY BANK received Plaintiff's Cease and Desist Letter, Plaintiff answered a call from COMENITY BANK and spoke to a representative wherein she explained verbally to the representative that she had retained Counsel and provided her attorney's information and explained that COMENITY BANK should only contact her attorney pursuant to the RFDCPA and to cease calling her, thereby

orally revoking COMENITY BANK's consent to call Plaintiff with an ATDS.

37. Despite verbal notice from Plaintiff, and a formal letter from Plaintiff's Counsel, COMENITY BANK continues to call Plaintiff to collect on a debt, often multiple times per day in rapid succession, despite being repeatedly notified orally and in writing that she has retained counsel regarding this debt and has further revoked consent to be called via an ATDS. COMENITY BANK's calls to Plaintiff after receiving receipt of the August 14, 2017 Cease and Desist Letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). The Plaintiff's August 14, 2017 Cease and Desist Letter as well as her oral notice to cease calling her revoked Defendant's consent to call her with an ATDS, therefore the 73 calls made by Defendant or its agents after August 14, 2017, as detailed in Paragraph 28 above, were made in violation of 47 U.S.C. § 227(b)(1).

38. When Plaintiff answered the telephone, Defendants were rude, abusive, and aggressive when they called to collect from Plaintiff. They would rebuke her requests to cease calling and have continued to harass Plaintiff to date, despite her repeated oral and written requests to cease their harassment.

39. Plaintiff has received so many collection calls by Defendant that her voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of her cell phone plan.

40. Upon information and belief, COMENITY BANK regularly makes autodialed telephone calls with a pre-recorded message in order to collect on its claims, wherein the call begins with a pre-recorded message, and shortly thereafter an agent comes on the line.

41. Upon information and belief, COMENITY's telephone equipment has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. Upon information and belief, the telephone equipment used by COMENITY BANK to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

43. COMENITY BANK's collection calls to Plaintiff describe herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

44. COMENITY BANK placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

45. COMENITY BANK's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that COMENITY BANK repeatedly interrupted Plaintiff with an unwanted call using an ATDS and prerecorded voice for collection purposes.

46. Through COMENITY BANK's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

47. COMENITY BANK's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

48. COMENITY BANK continues to call and harass Plaintiff despite written instructions that she retained counsel and to cease all further contact with Plaintiff.  In total, Plaintiff has received over 73 collection calls from COMENITY BANK through the use of an ATDS, after they were notified on August 14, 2017, in writing, that she had retained Counsel and instructed to cease all further contact.

49. As a result of COMENITY BANK's relentless and harassing collection calls and emails, Plaintiff has experienced anger and disbelief, and feelings of

powerlessness, which have resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression. These calls have consumed her day and caused severe disruption to her life, due to their severe frequency.

50. As a direct and proximate result of the aforementioned harassment committed by Defendants, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## (CAL. CIV. CODE § 1788.14(c))

51. Plaintiff realleges and incorporates by reference Paragraphs 1 through 50, inclusive, as if fully set forth.

52. When Plaintiff's Counsel sent the Cease and Desist Letter to COMENITY, Defendant COMENITY BANK was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

53. When Plaintiff stated to a representative for COMENITY BANK on the August 27, 2017 call that she was represented by Counsel, and provided her Counsel's contact information, COMENITY BANK was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding this debt.

54. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> > (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

55. By calling Plaintiff on her telephone over 73 times after the August 14, 2017 receipt of the Cease and Desist Letter from Plaintiff's Counsel, COMENITY BANK violated Cal. Civ. Code §1788.14(c).

56. As a result of the constant collection calls from COMENITY, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by COMENITY BANK are overwheling.  Plaintiff is constantly afraid to answer her phone and she cringes when her phone rings.

57. Therefore, as a direct and proximate result of the extreme amount of calls, totaling in excess of 73 collection calls in the mere span of 59 days, the Plaintiff has suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TCPA

## (47U.S.C. § 227 ET. SEQ.)

58. Plaintiff realleges and incorporates by reference Paragraphs 1 through 57, inclusive, as if fully set forth.

59. Plaintiff revoked COMENITY BANK's consent to call her on her cellular telephone with an ATDS.

60. The foregoing acts and omissions of COMENITY BANK constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

61. As a result of COMENITY BANK's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

## THIRD CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### (47U.S.C. § 227 ET. SEQ.)

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 62, inclusive, as if fully set forth.

64. The foregoing acts and omissions of COMENITY BANK constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

65. As a result of COMENITY BANK's knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendants herein, respectfully request this Court enter a Judgment against Defendants as follows:

a.  As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls;

b.  As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d.  As to the Second Cause of Action, $500 in statutory damages for each and every one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B), and Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

e.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of Defendant's over 73 knowing and/or willful violations of 47 U.S.C. § 227(b)(3)(C), totaling in excess of $109,500.00, pursuant to 47 U.S.C. §227(b)(1); and

f.  For such other and further relief as the Court may deem just and proper.


Dated: October 13, 2017            By:    /s/ Ahren A. Tiller_____
                                          Ahren A. Tiller, Esq.
                                          Bankruptcy Law Center, APC
                                          Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2

3      Pursuant to the Seventh Amendment to the Constitution of the United States of

4 America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by

5 jury.

6

7 Dated: October 13, 2017            By:    /s/ Ahren A. Tiller_____

8                                          Ahren A. Tiller, Esq.
                                           Bankruptcy Law Center, APC
                                           Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Williams v. Comenity Bank, et. al., - Complaint for Damages*